UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DANDO,<br><br>         Plaintiff,<br><br>     v.<br><br>BIMBO FOOD BAKERIES<br>DISTRIBUTION, LLC, BIMBO FOOD<br>BAKERIES DISTRIBUTION, INC.,<br>BIMBO BAKERIES USA, INC., ABC<br>COMPANIES (a series of<br>fictitious entities), and<br>JOHN DOES (a series of<br>fictitious persons),<br><br>         Defendants. | Civil No. 1:14-cv-02956<br>(NLH/JS)<br><br><br>**OPINION** |

**APPEARANCES:**

Terance J. Bennett, Esquire
3431 State Road 47
Port Elizabeth, New Jersey 08348
    *Attorney for Plaintiff Robert Dando*

Michael J. Puma, Esquire (admitted *pro hac vice*)
Courtney Wirth Griffin, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
    *Attorney for Defendants Bimbo Food Bakeries Distribution,*
    *LLC, et al.*

**HILLMAN, District Judge**

    This breach of contract case was filed in New Jersey state court and removed to this Court on the basis of diversity. There are three motions pending before the Court: plaintiff's

motion to remand, defendants' cross motion to amend/correct their notice of removal, and defendants' motion to dismiss.  The Court has considered the parties' submissions and for the reasons expressed below, plaintiff's motion to remand will be denied and defendants' cross motion to amend will be granted.  Defendants' motion to dismiss will be partially converted to a summary judgment motion and partially denied without prejudice.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Robert Dando (hereinafter "Dando") is a former independent operator[1] who entered into a distribution agreement on August 18, 2004, with George Weston Bakeries Distribution, Inc., which now operates as Bimbo Food Bakeries Distribution, LLC (hereinafter "BFBD").[2]  Dando purchased the exclusive rights to sell and distribute BFBD's products in a geographic territory within Gloucester County, New Jersey.

Pursuant to the distribution agreement, Dando is authorized to sell his exclusive rights, so long as he gives BFBD written notice of his intentions. Compl., Count I ¶ 10.  In exchange, BFBD agrees to not unreasonably withhold the pending sale.  Id.

---

[1] According to the Defendants, an Independent Operator is an bakery industry term of art referring to independent contractors who operate as distributors of bakery products.

[2] BFBD, defendant Bimbo Food Bakeries Distribution, Inc., and defendant Bimbo Bakeries USA will collectively be referred to as defendants.

Further, the distribution agreement gives BFBD the right of first refusal with respect to any proposed sale, such that, BFBD could repurchase the exclusive rights under the same terms and conditions offered to a bona fide purchaser by Dando.  Id. at ¶ 12.

On or about March 26, 2014, Dando filed a two-count complaint in the Superior Court of New Jersey, Law Division, Gloucester County asserting various contractual, quasi-contractual and tort claims under state law.  In Count I, Dando alleges that in early 2014, he notified BFBD of his intent to sell the exclusive rights for $289,900.00.  Id. at ¶ 9.  Dando claims that BFBD told him that the asking price was too high and in turn, he lowered it to $210,000.00.  Id. at ¶¶ 10-11.  Then, BFBD exercised its right of first refusal and repurchased the exclusive rights for $210,000.00.  Id. at ¶ 13.  Dando alleges that BFBD's actions constituted: (i) a breach of the implied covenant of good faith and fair dealing, (ii) intentional interference with contract and prospective economic advantage, (iii) unfair restraint on trade and competition, (iv) fraud, (v) franchise licensing unfair practice, and (vi) unjust enrichment.  Id. at ¶¶ 17-24.

In Count II, Dando alleges that BFBD sold its products to Rastelli Foods Group ("RFG"), a food distributor located within Dando's geographic territory.  Compl., Count II ¶¶ 2-4.  Dando

claims that these actions constitute (i) breach of contract, (ii) fraud, (iii) franchise licensing and unfair practice, and (iv) unjust enrichment. Id. at ¶¶ 4-9.  Dando seeks monies owed to him under the distribution agreement from the alleged sales to RFG, $79,900.00 in lost profit, as well as consequential damages, punitive damages, and exemplary damages and attorney fees.

On May 9, 2014, BFBD filed a petition for removal pursuant to 28 U.S.C. § 1441, 1446(b), and then subsequently filed a motion to dismiss.  BFBD argues that this Court need not reach the underlying merits of Dando's claims because Dando "waived any and all such claims pursuant to a court-ordered release" entered in previous litigation, Scott v. Bimbo Bakeries USA, Inc., et al.[3] (hereinafter "Scott Litigation").  In the Scott Litigation, Dando was an opt-in plaintiff regarding claims brought pursuant to the Fair Labor Standards Act ("FLSA"). (Def. Br. 6).  Defendants also argue that even if the release entered in the Scott Litigation does not bar Dando's claims in this matter, they fail pursuant to Rule 12(b)(6) for failure to state a claim.

On May 23, 2014, Dando filed a motion to remand to the Superior Court of New Jersey on grounds that jurisdiction is not

---

[3] CIV.A. 10-3154, 2012 WL 6151729, (E.D.Pa. Dec. 11, 2012).

4

proper in this Court. [Doc. No. 8].[4] Defendants filed a cross motion to amend their notice of removal. The Court will first address the motion to remand as it challenges this Court's jurisdiction.

## II. MOTION TO REMAND/JURISDICTION

Plaintiff filed a motion to remand on grounds that BFBD failed to state sufficiently its citizenship and thereby establish the diversity requirements found in 28 U.S.C. § 1332. Defendants responded that, as stated in their notice of removal, plaintiff is a citizen of New Jersey and defendants are citizens of Pennsylvania and Delaware. Defendants also filed a motion to amend their notice of removal to provide additional information regarding the citizenship of BFBD, LLC; specifically, that BFBD has only one member, defendant Bimbo Bakeries USA, Inc. ("BBUSA"), and BBUSA, Inc. is a registered Delaware corporation with its principal place of business in Pennsylvania.

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or

---

[4] In his brief, Dando argued that BFBD failed to establish diversity of citizenship pursuant to 28 U.S.C. § 1332 because BFBD failed to properly reveal the members of the LLC in its Notice of Removal. Plaintiff is correct that the citizenship of all the members of an LLC must be alleged (as well as be diverse from the citizenship of the opposing parties or party) in order to properly plead diversity jurisdiction. <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F. 3d 412 (3d Cir. 2010).

appellate courts." The removing party may amend its notice of removal beyond the 30-day deadline for amendment in order to clarify the basis for jurisdiction. See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (3d Cir. 2003); Advanced Technologies and Installation Corp. v. Nokia Siemens Networks US, LLC, No. 09-6233, 2011 WL 198033, at *4 (D.N.J. Jan. 20, 2011) (considering subsequent amendments to notice of removal to correctly state citizenship of LLC defendant).

Accordingly, the Court accepts BFBD's clarification of its statement of citizenship and amendment to its notice of removal. Further, the Court finds that the parties are completely diverse and were so at the time of removal.[5] Thus, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

Therefore, plaintiff's motion to remand will be denied and defendant's cross motion to amend its removal notice will be granted.[6] Having confirmed that this Court has jurisdiction over

---

[5] Although diversity of citizenship must be determined by the Court, plaintiff acknowledges in his reply that defendant has provided sufficient justification for this case to have been removed to federal court.

[6] Having determined that remand is not required, Plaintiff's application for fees and cost under 28 U.S.C. § 1447(c) will be denied.

the parties, the Court turns to defendants' motion to dismiss on grounds that the release entered in the Scott Litigation bars plaintiff's claims in this matter.

**III. MOTION TO DISMISS**

    **1. Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly

8

formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented

9

to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

    2. **Scott Litigation**

Prior to this lawsuit being filed, Dando was an opt-in plaintiff in the Scott Litigation, a collective action against defendants pursuant to the FLSA. In the Scott Litigation, Dando filed a "Consent to Join Form" in which he consented to be a party plaintiff and authorized counsel to represent him. In accordance with the FLSA, the settlement and associated release were approved by the Court following a hearing as to the fairness of the settlement.

Defendants argue that through settlement of the Scott Litigation, plaintiff agreed, effective March 5, 2014, to release the defendants from:

> any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, whether contingent or non-contingent, specifically asserted or not . . . that could have been asserted in the Civil Action based on the factual allegations therein, that otherwise arise out of, related to, or in connection with, [his] Distribution Agreement[], or that arise under the Fair Labor Standards Act ("FLSA") or any other state or local wage/hour or wage payment statute/ordinance, for any type of relief... .

Defendants argue that Dando's claims in this litigation relate to the distribution agreement and, therefore, are barred

10

by the terms of the broad release in the Scott Litigation.

Plaintiff argues that the attorney retainer agreement he signed did not give collective action counsel the authority to "negotiate away" unknown future claims. He further states in an affidavit that he did not sign the settlement agreement and did not receive "the offered benefit."

The evidence proffered by plaintiff in opposition to defendants' argument go beyond the pleadings and, therefore, cannot be considered in deciding a motion to dismiss. See Fed. R. Civ. P. 12(b). In considering a motion to dismiss, the Court only considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If matters outside of the pleadings are considered, then the motion is treated as a motion for summary judgment. See Fed. R. Civ. P. 12(d). When converting a 12(b)(6) motion to one for summary judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent the motion." Id. Generally, a court should give notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment. In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002).

Defendants argue that documents entered in the Scott

11

Litigation bar this litigation.  Plaintiff argues that he did not agree to the terms of settlement, did not sign the release, and did not receive any benefit from the Scott Litigation.  In order for the Court to clearly understand what occurred in the Scott Litigation and determine if the release entered in the Scott Litigation impacts this litigation, it must be able to fully consider all the documents referred to by the parties which go beyond pleadings.[7]  Therefore, in the interest of completeness and procedural fairness to all parties, the Court will partially convert defendants' motion to dismiss to a motion for summary judgment limited to the issue of whether the release entered in the Scott Litigation bars plaintiff's claims in this litigation.  In this regard, the parties will have a reasonable opportunity to present all material relevant to a summary judgment motion and fully brief this issue.

By way of further explanation, the defendants will be granted leave to formally file a motion for summary judgment limited to the Scott Litigation issue.  The filing of summary judgment, opposition and reply shall be governed by Fed. R. Civ. P. 56, and Local Rules 7.1 and 56.1.  The motion for summary

---

[7] Although the Court can take judicial notice of documents entered on the docket, it cannot do so for other documents relied upon by plaintiff such as his affidavit and attorney fee agreement.

judgment should only address the limited issue of whether the Scott Litigation settlement and release bars plaintiff's present claims.[8]  The parties should attach legible copies of any and all documents, including documents entered on the docket in the Scott Litigation, in support of their argument.  See Fed.R.Civ.P. 56; Local Rule 56.1.

In deciding this issue on summary judgment, the Court is interested in a brief summary of the facts concerning the Scott Litigation (i.e., what claims were brought and settled).  Also, the Court is particularly interested in the intent of the parties in the Scott Litigation as to the scope of the release[9] as well as any testimony or other evidence concerning the resolution of future claims.  The Court will decide the issue based on whether the parties contemplated the release of future claims and if the claims asserted in this litigation arise from the same factual predicate as those raised in the Scott Litigation.[10]

---

[8]  The filing of this limited motion for summary judgment does not in any way preclude defendant (or plaintiff) from filing a subsequent motion for summary judgment on other issues according to the Court's scheduling orders.

[9]  For example, citations to a highlighted, excerpted transcript of the fairness hearing in the Scott Litigation pertaining to the scope of the release would be persuasive evidence.

[10] It goes without saying that the parties should cite to legal authority in support of whether the release should be interpreted broadly or narrowly.  The Court will not consider

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand will be denied and defendants' cross motion will be granted. Defendants' motion to dismiss will be denied without prejudice. The parties are put on notice that the Court intends to consider evidence beyond the pleadings on the issue of the scope of the release in the Scott Litigation thereby partially converting the motion to dismiss into a motion for summary judgment and invites the parties to submit formal briefing and any evidence in support thereof.[11]

An appropriate Order follows.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:    December 9, 2014

At Camden, New Jersey

---

legal conclusions made without legal authority.

[11]    Following decision on the limited motion for summary judgment, if appropriate, defendants may renew their remaining arguments raised in their motion to dismiss.

14