UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT DANDO,

        Plaintiff,

   v.

BIMBO FOOD BAKERIES
DISTRIBUTION, LLC, BIMBO FOOD
BAKERIES DISTRIBUTION, INC.,
BIMBO BAKERIES USA, INC., ABC
COMPANIES (a series of
fictitious entities), and
JOHN DOES (a series of
fictitious persons),

        Defendants.

Civil No. 14-2956 (NLH/JS)

**OPINION**

---

**APPEARANCES:**

Terance J. Bennett, Esquire
3431 State Road 47
Port Elizabeth, New Jersey 08348

   *Attorney for Plaintiff Robert Dando*

Michael J. Puma, Esquire (admitted *pro hac vice*)
Courtney Wirth Griffin, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, Pennsylvania 19103-2921

   *Attorneys for Defendants Bimbo Food Bakeries Distribution, LLC, et al.*

**HILLMAN, District Judge**

    This breach of contract case was filed in New Jersey state court and removed to this Court on the basis of diversity.

Defendants Bimbo Food Bakeries Distribution, LLC, Bimbo Food Bakeries Distribution, Inc., and Bimbo Bakeries USA, Inc. (collectively, "Defendants") move for summary judgment on the ground that all of the causes of action asserted by Plaintiff Robert Dando are barred by the court-approved Fair Labor Standards Act ("FLSA") class action settlement in Scott v. Bimbo Bakeries USA, Inc., et al., No. 10-3154, 2012 WL 6151729 (E.D. Pa. Dec. 11, 2012) (the "*Scott* litigation").  For the reasons to be discussed, summary judgment will be denied.  In the exercise of caution, the Court will stay its decision for thirty (30) days to permit Defendants to seek an order from the Eastern District of Pennsylvania deciding whether or not Plaintiff's claims are barred by the *Scott* release. If the Eastern District of Pennsylvania determines that Plaintiff's claims are barred by the *Scott* release the Court will vacate its Opinion and Order.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   A.   **The *Scott* Litigation**

On or about February 4, 2010, Plaintiff joined the *Scott* FLSA class action litigation.  The plaintiffs alleged they were owed minimum wage and overtime pay from Bimbo Bakeries pursuant to the Fair Labor Standards Act ("FLSA").  On January 31, 2014, class counsel signed a stipulation of settlement.  The settlement agreement released the Defendants from:

2

> [A]ny and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, whether contingent or non-contingent, specifically asserted or not . . . that could have been asserted in the Civil Action based on the factual allegations therein, that otherwise arise out of, related to, or in connection with, [his] Distribution Agreement[], or that arise under the Fair Labor Standards Act ("FLSA") or any other state or local wage/hour or wage payment statute/ordinance, for any type of relief[.]

Defs.' Br., Ex. D [Doc. No. 18-3].

    **B.  Distribution Rights**

Plaintiff is a former distributor of bakery products who owned the exclusive rights to sell Defendants' products in a geographic territory in Gloucester County, New Jersey pursuant to a distribution agreement.  Under the distribution agreement, if Plaintiff ever desired to sell his exclusive rights, Defendants had the right of first refusal. Plaintiff alleges that in early 2014 he notified Defendants of his intention to sell his exclusive rights to a third party for $289,900.  Compl. ¶ 9.  Plaintiff alleges Defendants informed him that the price was too high and claimed the right to approve the sale. Compl. ¶ 10.  Plaintiff thereafter presented Defendants with a notice of intent to sell his exclusive rights at the price of $210,000 to the same buyer.  Compl. ¶ 11.  Plaintiff alleges that after refusing to let Plaintiff sell his rights for $289,900, Defendants exercised their right to buy the route for $210,000,

3

depriving Plaintiff of a $79,900 profit just weeks after the *Scott* settlement agreement was signed.  Compl. ¶¶ 13, 16.

On or about March 27, 2014, Plaintiff filed a two-count complaint in the Superior Court of New Jersey, Law Division, Gloucester County, asserting various contractual, quasi-contractual and tort claims under state law related to his distribution agreement with Defendants.  On May 16, 2014, Defendants moved to dismiss Plaintiff's complaint on the ground that Plaintiff was precluded from bringing these claims due to his participation in the *Scott* litigation which released Defendants from Plaintiff's current claims.  The Court denied Defendants' motion to dismiss without prejudice and permitted Defendants to convert its motion to one for summary judgment so that it could consider the terms of the settlement and release in the *Scott* litigation. See Jan. 12, 2015 Op. and Order [Doc. Nos. 15, 16].

## II.  JURISDICTION

There is complete diversity between Plaintiff and Defendants and, therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See Dec. 9, 2015 Op. and Order [Doc. Nos. 15, 16].

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is

satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.

Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**IV.  DISCUSSION**

Defendants argue summary judgment is proper because: (1) the court-approved release of the claims in the *Scott* litigation bars future claims covered by the release; (2) Plaintiff's causes of action relate to his Distribution Agreement and are covered by the *Scott* release; and (3) the court-approved release of claims in *Scott* is a final judgment with preclusive effect on plaintiff.  Plaintiff in turn argues that the *Scott* settlement was not intended to be so broad as to preclude the claims of the suit at bar.

Thus, the question that must be answered is whether Plaintiff's claims are barred by the *Scott* release.  The Court finds that the settlement agreement released Defendants from claims regarding the FLSA class action litigation and not Plaintiff's claims at bar.  The Notice of Lawsuit in the *Scott* litigation describes the lawsuit as follows: "Plaintiffs contend

6

they are owed minimum wage and overtime pay under the Fair Labor Standards Act ('FLSA')." [Doc. No. 17-5]. Plaintiff now brings a breach of contract claim alleging that Defendants swindled him out of a $79,900 profit from the sale of his distribution rights after the *Scott* settlement agreement was signed. Clearly, the settlement does not cover breach of contract claims which do not remotely concern the FLSA or minimum wage violations.

Defendants cite Freeman v. MML Bay State Life Ins. Co., 445 F. App'x 577 (3rd Cir. 2011), for the proposition that a class action settlement can bar separate and future claims by a class member. However, the Freeman court further explained that "[t]he key inquiry is whether the factual predicate for future claims is identical to the factual predicate underlying the settlement agreement." Id. at 579. The claims at bar are completely diverse from the claims resolved in the class settlement. Thus, the Court finds Plaintiff's claims are not covered by the *Scott* release. For the same reasons, the doctrine of *res judicata* is inapplicable since the release did not cover Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. No. 18] is denied. The Court will stay its decision for thirty (30) days to permit Defendants to seek an

7

order from the Eastern District of Pennsylvania deciding whether or not Plaintiff's claims are barred by the *Scott* release.  An Order consistent with this Opinion will be entered.

                                                                  s/ Noel L. Hillman  
                                                                  NOEL L. HILLMAN, U.S.D.J.

Dated: September 29, 2015  
At Camden, New Jersey