```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
_____

ROBERT DANDO,

              Plaintiff,          Civil No. 14-2956 (NLH/KMW)
      v.
                                          **OPINION**
BIMBO FOOD BAKERIES DISTRIBUTION,
LLC, et al.,

              Defendants.
_____
```

**APPEARANCES:**

TERANCE J. BENNETT, ESQ.
3431 Route 47
P.O. Drawer 520
Port Elizabeth, New Jersey 08348
        Counsel for Plaintiff

MORGAN, LEWIS & BOCKIUS LLP
By:  Michael J. Puma, Esq.
     Courtney Wirth Griffin, Esq.
1701 Market Street
Philadelphia, Pennsylvania 19103
        Counsel for Defendants

**HILLMAN, District Judge**

     This is primarily a diversity contract suit arising out a Distribution Agreement between Plaintiff and Defendants. Defendants move to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Counts 1 through 4 of the five-count Amended Complaint.[1] For the reasons

---

[1] Count Five asserts an independent breach of the Distribution Agreement based on Defendants' alleged failure to pay Plaintiff all of the commissions due under the agreement. Count 5 is not challenged by the instant motion.

stated herein, the motion will be granted in part, and denied in part.

## I.

Plaintiff's theory of his case is a classic bait and switch story. Plaintiff asserts that Defendants, exercising their rights under the Distribution Agreement, acted in bad faith when they refused to approve Plaintiff's proposed sale of his exclusive distribution rights on the basis that the proposed sale price was too high and then, when Plaintiff proposed a lower price, Defendants exercised their right to buy back the rights, only to promptly turn around and sell those rights to Plaintiff's proposed buyer at the original, higher price.

In support of this theory, the Amended Complaint alleges the following facts. The Distribution Agreement between Plaintiff and Defendants grants Plaintiff "the exclusive rights to deliver and sell Defendants' products in a geographic territory in Gloucester County, New Jersey." (Amend. Compl. ¶ 10) Further, "[i]n 2014, Plaintiff negotiated with a third party to sell his rights under the contract, and [pursuant to the terms of the agreement] presented Defendants with notice of intent to sell at a price of $289,900.00" (Amend. Compl. ¶ 12) In this regard, the Distribution Agreement provides, "[t]he Distribution Rights are owned by the [Plaintiff] and may be sold . . . provided that any such sale . . . shall be subject to: (a) the prior written approval of [Defendants], which

2

approval will not be unreasonably withheld." (Distribution Agreement § 6.1)

Defendants allegedly did not approve the notice of sale, "informing Plaintiff that the price was too high to be acceptable to Defendants but that Defendants would approve the sale at a lower price." (Amend. Compl. ¶ 13) "Plaintiff subsequently presented Defendants with a notice of intent to sell at the price of $210,000.00, to the same buyer" (Amend. Compl. ¶ 14), at which point Defendants allegedly exercised their right under the contract to buy Plaintiff's delivery rights themselves at the price of $210,000.00. (Id. ¶ 16) In this regard, the Distribution Agreement provides, "[t]he Distribution Rights are owned by the [Plaintiff] and may be sold . . . provided that any such sale . . . shall be subject to: . . . (b) a right of first refusal on the part of [Defendants] at the same terms and conditions offered to [Plaintiff] by a bona fide purchaser." (Distribution Agreement § 6.1)

Then, allegedly, "Defendants promptly sold [for the original price of $289,900.00] these delivery territory rights just obtained from Plaintiff, to the very third party to whom Plaintiff had previously contracted to sell," resulting in a $79,000.00 profit to Defendants, and a $79,000.00 loss to Plaintiff. (Amend. Compl. ¶¶ 18, 28, 36-38)

The Amended Complaint asserts the following counts: (1) breach of the covenant of good faith and fair dealing; (2) tortious interference with prospective economic advantage; (3) unjust

3

enrichment; (4) fraud; and (5) breach of contract based on Defendant's alleged separate failure to pay Plaintiff all commissions due under the agreement.[2]

**II.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil

---

[2] The Distribution Agreement provides that "[t]he validity, interpretation and performance of this Agreement shall be controlled by and construed in accordance with the laws of the State of New York." (Distribution Agreement § 11.8) The parties' original briefs on the Motion to Dismiss cited only New Jersey law and did not acknowledge the choice of law provision in the contract. Therefore, the Court dismissed the motion without prejudice and directed the parties to address the choice of law issue in a renewed motion and round of briefing. The parties now agree that there is no material difference between New York law and New Jersey law with regard to the issues raised by the instant motion. (See Moving Brief, p. 5; Opposition Brief, p. 2) Accordingly, the Court applies New Jersey law.

4

Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

## III.

Defendants assert three arguments: (A) Counts 1, 2 and 4 are barred by the economic loss doctrine; (B) all four counts fail to pass muster under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*; and (C) Plaintiff's claims for consequential, punitive, treble, and lost profit damages, as well has his right to a jury trial, have been waived by the express language of the Distribution Agreement.

## A.

The Court holds that the economic loss doctrine applies to bar the tortious interference claim (Count 2) and the fraud claim (Count 4), but not the good faith and fair dealing claim (Count 1).

"The economic loss doctrine precludes the tort liability of parties to a contract when the relationship between them is based on a contract, 'unless the breaching party owes an independent duty imposed by law.'" *New Jersey-American Water Co. v. Watchung Square Assocs., LLC*, 2016 N.J. Super. Unpub. LEXIS 1637 (App. Div. July 15, 2016)(quoting *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316-17 (2002)).

The doctrine applies only to tort claims. *See Saltiel*, 170 N.J. at 309 (explaining that the economic loss doctrine helps to maintain the "critical" "distinctions between tort and contract actions"); *SRC Constr. Corp. v. Atl. City Hous. Auth.*, 935 F. Supp. 2d 796, 801 (D.N.J. 2013)(explaining that the economic loss doctrine bars a "contract claim in tort claim clothing," and holding that a breach of express warranty claim is not barred by the economic loss doctrine). Count 1, breach of the covenant of good faith and fair dealing, sounds in contract. *See Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997)("A covenant of good faith and fair dealing is implied in every contract in New Jersey."); *see generally*, Restatement (Second) of Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). Thus, as a matter of law, Count 1 cannot be barred by the economic loss doctrine.

The other two counts, however, sound in tort and are subject to the economic loss doctrine. As to Count 2, the alleged act of tortious interference is Defendants' "refus[al] to approve

Plaintiff's contract with the third party." (Amend. Compl. ¶ 34)[3]
Such allegation is just another way of stating that Defendants
unreasonably withheld their approval, which the Distribution
Agreement expressly says Defendants will not do.  Indeed, the
tortious interference claim is no different than the breach of good
faith claim which alleges that "[i]n refusing to approve Plaintiff's
sale of his distribution rights to a third party for $289,000.00,
Defendants exercised their contractual authority arbitrarily,
unreasonably, and capriciously, with the objective of preventing
Plaintiff from receiving his reasonably expected fruits under
Contract [sic]." (Amend. Compl. ¶ 22)  Thus, Count 2 is nothing more
than a "contract claim in tort claim clothing," *SRC Constr. Corp.*,
935 F. Supp. 2d at 801, and is barred by the economic loss doctrine.

    Likewise, the alleged misrepresentation upon which the fraud
claim (Count 4) is founded is Defendants' representation "that
Defendants intended not to unreasonably withhold their approval of
any future sale by Plaintiff of his distribution rights." (Amend.
Compl. ¶ 56)  This alleged misrepresentation is contained within the
Distribution Agreement itself.  Defendants have an obligation under
the agreement not to unreasonably withhold their approval.  Any
claim resting upon an assertion that Defendants did, in fact,

---

[3]  In his opposition brief, Plaintiff further articulates the theory
of his tortious interference claim: "[i]n unreasonably withholding
approval, *in violation of their contract with Plaintiff*, Defendants
simultaneously interfered with the contract Plaintiff had formed
with his prospective buyer." (Opposition brief, p. 2)(emphasis
added).

7

unreasonably withhold their approval is a breach of contract claim, not a fraud claim extrinsic to the contract. Plaintiff has pled nothing more than Defendants' "false promises to perform as contracted," and therefore the fraud claim is barred by the economic loss doctrine. *Cioni v. Globe Specialty Metals, Inc.*, 618 Fed. Appx. 42, 47 (3d Cir. 2015)(*citing Saltiel*); *see also RNC Sys. v. Modern Tech. Group, Inc.,* 861 F. Supp. 2d 436, 452 (D.N.J. 2012) ("Clearly, MTG's two purported misrepresentations are addressed squarely within the language of the License Agreement and are not unrelated to the performance of the contract as required under the economic loss doctrine.").

The Motion to Dismiss will be granted as to the tortious interference and fraud claims (Counts 2 and 4).[4]

**B.**

As to the remaining good faith and fair dealing and unjust enrichment claims, the Court holds that those counts are adequately pled. To state a claim for breach of the implied duty of good faith and fair dealing, the plaintiff must plead facts supporting the

---

[4] Plaintiff asserts that he should be given leave to amend his Amended Complaint to, once again, attempt to "cure as necessary" any pleading deficiencies. (Opposition Brief, p. 8) Defendants oppose any further amendment, observing that this Court already gave Plaintiff one chance at amendment, which resulted in the Amended Complaint which is the subject of this second motion to dismiss. The Court is not required to allow Plaintiffs a third bite at the pleading apple, particularly three years after the original complaint was filed. This is the fourth pre-discovery opinion this Court has written in this case. It is time to move this case forward and finally hold a Rule 16 conference. Accordingly, the Court will not grant leave to amend.

plausible conclusion that "(1) . . . the defendant's conduct destroyed plaintiff's reasonable expectations and right to receive the fruits of the contract, and (2) . . . the defendants' bad motive or intention." *Cryofab, Inc. v. Precision Med., Inc.*, 2008 U.S. Dist. LEXIS 51758 (D.N.J. July 3, 2008)(citing *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 2008 U.S. Dist. LEXIS 28077 *20 (D.N.J. March 31, 2008) and *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001)).

Defendants argue that the Amended Complaint pleads only conclusory assertions of Defendants' bad motive. The Court disagrees. The facts pled adequately support an inference that Defendants refused to approve Plaintiff's proposed sale, not based on any honest belief that the price was too high, but rather because they intended to buy the distribution rights at a discount and then make a profit of $79,000.00 by selling the rights themselves. These alleged facts plausibly support a conclusion of bad motive.[5]

As to the unjust enrichment claim, relying on *Baumgardner v. Bimbo Food Bakeries Distrib.*, 697 F. Supp. 2d 801 (N.D. Ohio 2010), Defendants argue that the Amended Complaint fails to state a claim. The Court in *Baumgardner* dismissed the plaintiff's unjust enrichment claim explaining that, because the parties did not dispute the existence and enforceability of the express contract, and "the conduct complained of is explicitly covered by that express

---

[5] *See also* Fed. R. Civ. P. 9(b)("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

contract," there could be no unjust enrichment claim as a matter of law. 697 F. Supp. 2d at 816-17.

While *Baumgardner* is factually analogous in some respects, this Court declines to follow it. As *Baumgardner* itself acknowledges, the Federal Rules of Civil Procedure expressly permit inconsistent pleading. *See* Fed. R. Civ. P. 8(d)(3). While Plaintiff cannot recover on both his contract claim and his unjust enrichment claim, the Court will not eliminate Plaintiff's unjust enrichment claim as a potential avenue of recovery at the pleadings stage of the case. *See Simonson v. Hertz Corp.*, 2011 U.S. Dist. LEXIS 32755 (D.N.J. Mar. 28, 2011)(Hillman, D.J.)("While a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim, a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts. . . . Plaintiff may plead alternative legal theories at the motion to dismiss stage."); *Doherty v. Hertz Corp.*, 2010 U.S. Dist. LEXIS 124714 (D.N.J. Nov. 24, 2010)(Hillman, D.J.)(same); *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008)("This Court has regularly permitted claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of one of these claims would be premature.").

The Motion to Dismiss will be denied as to the breach of good faith and fair dealing claim (Count 1) and the unjust enrichment claim (Count 3).

## C.

The Amended Complaint demands "compensatory damages . . . , consequential damages, punitive damages, and exemplary damages of treble the amount of actual damages." (Amend. Compl. ¶¶ 31, 41, 54, and 62) Defendants move to strike all but the demand for compensatory damages arguing that the Distribution Agreement precludes such damages.

The Distribution Agreement provides in Section 11.12, "DAMAGES: Notwithstanding anything to the contrary contained in this Agreement, in no event shall either party be liable to the other for any consequential, incidental, indirect or special damages, including lost profits and punitive damages." In opposition, Plaintiff argues that punitive damages must be allowed because any contract language to the contrary is void as against public policy.

The Court concludes that this issue has been mooted by the Court's dismissal of all the tort claims contained in the Amended Complaint. As a matter of law, punitive damages are not recoverable in contract. *Thomas v. Nova Southeastern Univ.*, 468 Fed. Appx. 98, 100 (3d Cir. 2012)(*citing Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir. 1993)).

Compensatory damages are the prevailing measure of damages in contract actions, *see generally Perini Corp. v. Greate Bay Hotel & Casino, Inc.,* 129 N.J. 479, 497-98 (1992), absent specific contract language to the contrary. Obviously no such language exists in the Distribution Agreement at issue.

As to the asserted jury trial waiver, Plaintiff briefly and generically asserts that waiver is an issue of fact and therefore Defendants' motion is premature. While the Court notes that the language of the asserted waiver is clear, conspicuous, and unequivocal, and that Plaintiff has not identified any facts that might call into question the validity of the waiver, the Court will decline to decide the jury trial issue at this stage of the case. Defendants have not asserted that any prejudice will result from deciding this issue, if necessary, at summary judgment or even later.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted as to the tort claims (Counts 2 and 4) and denied as to the breach of good faith and fair dealing claim (Count 1) and the unjust enrichment claim (Count 3). Defendant's Motion to Strike all but the demand for compensatory damages will be denied as moot and to strike a demand for jury trial as waived will be denied without prejudice.

An appropriate order accompanies this opinion.

Dated: April 10, 2017                      __s/ Noel L. Hillman____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.