UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT DANDO, | Civil No. 14-2956 (NLH/KMW) |
| Plaintiff, | **OPINION** |
| v | |
| BIMBO FOOD BAKERIES DISTRIBUTION, LLC, *et al.* | |
| Defendants | |

**APPEARANCES:**

Terance J. Bennett, Esq.
3431 Route 47
P.O. Box 520
Port Elizabeth, New Jersey 08348
    Counsel for Plaintiff

Morgan, Lewis & Bockius LLP
By:  Michael J. Puma, Esq. (*pro hac vice*)
     Courtney Wirth Griffin, Esq.
1701 Market Street
Philadelphia, Pennsylvania 19103
    Counsel for Defendants

**HILLMAN**, United State District Judge:

Presently before the Court is Defendants' Motion for Reconsideration of the Court's April 10, 2017 Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint.

For the reasons set forth below, the Motion for Reconsideration will be granted in part and denied as moot in part.

I. **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 10, 2017, the Court partially granted and partially denied Defendants' Motion to Dismiss the Amended Complaint, dismissing all of the tort counts of the Amended Complaint, with prejudice, as barred by the economic loss doctrine. *Dando v. Bimbo Food Bakeries Distribution, LLC., et al.*, 2017 U.S. Dist. LEXIS 54327 at *5 (D.N.J. April 10, 2017). Accordingly, the following claims remain at this time: breach of the covenant of good faith and fair dealing (Count I), unjust enrichment (Count III), and breach of contract (Count V). That portion of the Court's decision is not implicated by the instant motion. Defendants seek reconsideration of the Court's ruling as to damages, asserting that the Court did not completely address their arguments concerning certain types of damages.

The relevant portion of the previous opinion states,

2

> The Amended Complaint demands 'compensatory damages . . . , consequential damages, punitive damages, and exemplary damages of treble the amount of actual damages.' (Amend. Compl. ¶¶ 31, 41, 54, and 62) Defendants move to strike all but the demand for compensatory damages arguing that the Distribution Agreement precludes such damages.
>
> The Distribution Agreement provides in Section 11.12, 'DAMAGES: Notwithstanding anything to the contrary contained in this Agreement, in no event shall either party be liable to the other for any consequential, incidental, indirect or special damages, including lost profits and punitive damages.' In opposition, Plaintiff argues that punitive damages must be allowed because any contract language to the contrary is void as against public policy.
>
> The Court concludes that this issue has been mooted by the Court's dismissal of all the tort claims contained in the Amended Complaint. As a matter of law, punitive damages are not recoverable in contract. *Thomas v. Nova Southeastern Univ.*, 468 Fed. Appx. 98, 100 (3d Cir. 2012)(citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir. 1993)).
>
> Compensatory damages are the prevailing measure of damages in contract actions, *see generally Perini Corp. v. Greate Bay Hotel & Casino, Inc.*, 129 N.J. 479, 497-98, 610 A.2d 364 (1992), absent specific contract language to the contrary. Obviously no such language exists in the Distribution Agreement at issue.

*Id.* at *10-11.

## II.  LEGAL STANDARD

In this District, Local Civil Rule 7.1(i) governs motions for reconsideration.  Local Civil Rule 7.1(i) will apply rather than Federal Rule of Civil Procedure 59 where no final judgment has been entered pursuant to Rule 54(b), but only a partial grant or denial of summary judgment. *See Warner v. Twp. of S.*

*Harrison*, 885 F. Supp. 2d 725, 747-48 (D.N.J. 2012). However, the standard for evaluating the request is the same as the standard under Rule 59(e). *Id.*

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Facteon, Inc. v. Comp Care Partners, LLC*, Civ. No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015)(quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration should not provide the parties with an

opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### III. DISCUSSION

Defendants' Motion for Reconsideration and their Reply Memorandum in further support of their Motion[1] assert that the Court failed to address Defendants' argument that (1) consequential damages, (2) exemplary damages of treble the amount of actual damages, and (3) any monetary award of lost profits should be dismissed. (Moving Brief, p. 2).

As to consequential damages, Fed. R. Civ. P. 9(g) provides, "[i]f an item of special damage is claimed, it must be specifically stated."[2] No item of consequential damages has been specifically pleaded in the Amended Complaint, thus the Court holds that there is no valid claim to consequential damages in this case at this time. Therefore, the Court will deny as moot the motion for reconsideration as to consequential damages.

As to exemplary damages of treble the amount of actual

---

[1] Local Civil Rule 7.1(d)(3) does not permit without prior permission reply briefs on Motions for Reconsideration. Defendant did not obtain permission. However, Plaintiff has not objected to the reply brief and the Court exercises its discretion to consider the brief notwithstanding Defendants' noncompliance with the Local Rule.

[2] "Special damages are also referred to as consequential damages and the terms are used interchangeably." *Wartsila NSD N. American, Inc. v. Hill Int'l, Inc.*, 530 F.3d 269, 280 n.6 (3d Cir. 2008).

5

damages, similar to the Court's ruling as to punitive damages, treble damages are not recoverable on common law contractual and quasi-contractual claims. *See Strassle v. Bimbo Foods Bakeries Distribution, Inc.*, No. 12-3313, 2013 WL 1007289, at *7 n. 4 (D.N.J. Mar. 13, 2013); *Sunshine v. Reassure America Life Ins. Co.*, No. 10-1030, 2012 WL 748669, at *4 (E.D. Pa. Mar. 6, 2012); *see also Edwards v. Travelers Ins. of Hartford, Conn.*, 563 F.2d 105, 123 (6th Cir. 1977) (holding plaintiff was not entitled to application of treble damages statute because recovery was based on common law claim). As the remaining counts of the Amended Complaint sound entirely in common law contract and quasi-contract, exemplary treble damages are unavailable as a matter of law. Moreover, Plaintiffs' opposition brief does not contest dismissal of the claim for treble damages. Accordingly, the Motion for Reconsideration will be granted as to the claim for treble damages.

As to lost profits, Plaintiff's Amended Complaint demands, "compensatory damages. . ., consequential damages, punitive damages, and exemplary damages of treble the amount of actual damages." (Amend. Compl. ¶¶ 31, 41, 54, and 62). The Amended Complaint does not demand lost profits. Therefore, to the extent that the motion for reconsideration seeks a ruling that "any monetary award of lost profits is unavailable," (Moving Brief, p. 4-5), it will be denied as moot.

**IV. CONCLUSION**

For the above-stated reasons, Defendants' Motion for Reconsideration will be granted in part as to the claim for treble damages, and denied as moot in all other respects. An Order consistent with this Opinion will be entered.


Dated: July 5, 2017                        s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.